FILED
IN CLERK'S OFFICE

2026 APR 10 PM 2: 35

U.S. DISTRICT OF MASS.

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

TERENCE N. GLENN,

Plaintiff,

v.

EIGHTFOLD AI INC.,

Defendant.


CIVIL ACTION NO:


VERIFIED COMPLAINT FOR FCRA VIOLATIONS, UNREGISTERED CRA OPERATIONS, AND ADA ALGORITHMIC DISCRIMINATION

I. JURISDICTION AND VENUE

1.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 regarding violations of the Fair Credit Reporting Act (15 U.S.C. § 1681) and the Americans with Disabilities Act (42 U.S.C. § 12182).

2.      Venue is proper under 28 U.S.C. § 1391(b) as the algorithmic discrimination and financial damages were inflicted upon the Plaintiff within Suffolk County, Massachusetts.

## II. PARTIES

3. Plaintiff, Terence N. Glenn, is a resident of Revere, Massachusetts, and a person with legally documented severe disabilities, including a Traumatic Brain Injury (TBI), requiring specific kinetic and financial accommodations.

4. Defendant Eightfold AI Inc. is a Delaware corporation with its principal address at 2625 Augustine Dr., Suite 601, Santa Clara, CA 95054.

## III. STATEMENT OF FACTS

5. Defendant Eightfold AI operates as an unregistered Consumer Reporting Agency (CRA). Defendant actively scrapes the data profiles of over 1 billion individuals from third-party platforms, including LinkedIn and GitHub, assembling this data for employment and financial screening purposes.

6. Defendant utilizes a proprietary Large Language Model (LLM) to launder this scraped data and generate a hidden "0-5 Match Score" (or "likelihood of success" rating) for consumers, including the Plaintiff.

7. This "0-5 Match Score" constitutes a "Consumer Report" under the Fair Credit Reporting Act. As clarified by the Consumer Financial Protection Bureau (CFPB) in 2026, AI screening tools that assemble third-party data for employment or credit filtering meet the statutory definition of a CRA.

8. Defendant willfully violates the FCRA by operating in the shadows. They fail to notify the Plaintiff that a dossier was compiled, fail to provide a copy of the "0-5 Match Score," and completely deny the Plaintiff the statutory right to dispute inaccurate or discriminatory data.

9. Defendant's opaque algorithm inherently penalizes disabled individuals like the Plaintiff. By failing to account for reasonable kinetic accommodations or non-traditional employment gaps caused by TBI recovery, the algorithm executes a discriminatory, automated lockout from the economic grid.

## IV. CAUSES OF ACTION

### COUNT I: FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 - UNREGISTERED CRA VIOLATIONS)

10. Plaintiff incorporates all preceding paragraphs.

11. Defendant acts as an unregistered CRA, assembling and weaponizing consumer data into a shadow scoring system while willfully denying the Plaintiff their mandatory disclosure and dispute rights under the FCRA.

### COUNT II: ADA TITLE III DISCRIMINATION (42 U.S.C. § 12182)

12. Plaintiff incorporates all preceding paragraphs.

13. Defendant's algorithmic architecture fundamentally denies disabled citizens the "full and equal enjoyment" of employment and economic platforms by enforcing a hidden, biased scoring metric that cannot be interactively accommodated.

### COUNT III: UNFAIR AND DECEPTIVE BUSINESS PRACTICES (M.G.L. c. 93A)

14. Plaintiff incorporates all preceding paragraphs.

15. Operating a shadow consumer reporting agency to execute a "digital blacklist" constitutes an unfair and deceptive practice in the conduct of commerce.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands:

A. An Order declaring Defendant an unregistered Consumer Reporting Agency bound by the FCRA;

B. An Injunction forcing Defendant to turn over the Plaintiff's complete "Shadow Dossier" and "0-5 Match Score";

C. Statutory, compensatory, and punitive damages for willful FCRA and civil rights violations;

D. A trial by jury on all issues triable by right; and

E. Grant such other and further relief as the Court deems mathematically and legally just.

## VERIFICATION UNDER RULE 11

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, mathematical calculation, and belief.

RESPECTFULLY SUBMITTED,

Terence N. Glenn, Pro Se

650 Ocean Ave, Unit 709