FILED
IN CLERKS OFFICE

2025 APR 13 PM 3:09

U.S.
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

TERENCE NASHAWN GLENN,

Plaintiff,

v.

EIGHTFOLD AI INC.,

Defendant.

Case No.

FIRST AMENDED COMPLAINT

(Submitted as a Matter of Course pursuant to FRCP 15(a)(1))

DEMAND FOR JURY TRIAL

I. PARTIES

1.    Plaintiff Terence Nashawn Glenn ("Plaintiff"), proceeding pro se, brings this First

Amended Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).

Plaintiff is a legally documented disabled citizen of the United States, residing in Revere, Massachusetts.

2.      Defendant Eightfold AI Inc. ("Defendant") is a multinational technology and artificial intelligence corporation headquartered in Santa Clara, California, providing algorithmic screening and profiling tools to corporate clients operating within the District of Massachusetts.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question) based on Defendant's willful violations of the Fair Credit Reporting Act (15 U.S.C. § 1681) and the Americans with Disabilities Act (42 U.S.C. § 12203).

4. Venue is proper in the District of Massachusetts under 28 U.S.C. § 1391(b), as the algorithmic profiling and subsequent interference with Plaintiff's civil rights directly impacted him within this District.

## III. STATEMENT OF FACTS

5. Defendant operates as an unregistered "Consumer Reporting Agency" by extracting, compiling, and analyzing massive datasets to build "shadow dossiers" on private citizens.

6. Defendant packages this compiled data into algorithmic profiling tools, utilizing systems such as a "0-5 Match Score," to filter, rank, and predict the behavior of individuals for third-party corporate clients.

7. Despite generating profiles that are explicitly used by corporate clients to make adverse platform and employment decisions, Defendant willfully bypasses the strict federal regulations

established by the Consumer Financial Protection Bureau (CFPB) and the Fair Credit Reporting Act (FCRA).

8. Specifically, Defendant's algorithmic systems offer zero transparency, zero opportunity for the Plaintiff to dispute inaccurate data, and no mechanism for providing a mandatory Adverse Action Notice when their algorithm triggers a lockout or denial of service.

9. Defendant's algorithms were directly weaponized by third-party clients (including but not limited to Walmart Inc.) to execute a retaliatory "soft hold" and lock the Plaintiff out of kinetic earning platforms following Plaintiff's protected ADA activity.

## IV. CAUSES OF ACTION

### COUNT I: FCRA VIOLATION - UNREGISTERED CONSUMER REPORTING AGENCY (15 U.S.C. § 1681)

10. Plaintiff incorporates all preceding paragraphs.

11. Defendant operates as a Consumer Reporting Agency under the FCRA by assembling and evaluating consumer information for the purpose of furnishing consumer reports to third parties.

12. Defendant willfully violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information, and violated 15 U.S.C. § 1681g by failing to provide Plaintiff access to the algorithmic file used to trigger adverse actions against him, thereby operating an illegal, unregulated shadow dossier system.

### COUNT II: ADA TITLE V INTERFERENCE (42 U.S.C. § 12203(b))

13. Plaintiff incorporates all preceding paragraphs.

14. Under ADA Title V (42 U.S.C. § 12203(b)), it is unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of any right granted or protected by the ADA.

15. Defendant engineered and deployed algorithmic architecture that inherently lacks interactive disability accommodations. By furnishing this discriminatory AI framework to corporate clients, Defendant actively interfered with Plaintiff's federally protected civil rights, directly enabling and facilitating the retaliatory lockout of the Plaintiff from equal platform access.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Assume jurisdiction over this action;

B. Issue a declaratory judgment that Defendant is operating as an unregistered Consumer Reporting Agency in violation of the FCRA;

C. Award statutory and punitive damages for willful violations of the Fair Credit Reporting Act and ADA Title V;

D. Issue an injunction compelling Defendant to open its algorithmic black-box for transparency and compliance auditing;

E. Award any further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

Date: April 13, 2026

Terence N. Glenn
650 Ocean Ave Apt 709
Revere MA. 02151    1-617-634-4234